UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEPED, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUZEE, INC., <br><br> Defendant. | Case No. 19-cv-03763-HSG <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> Re: Dkt. No. 18 |

Plaintiff Steeped, Inc. ("Steeped Coffee" or "Plaintiff") filed trademark infringement claims against Defendant Nuzee, Inc. ("Nuzee" or "Defendant") for its use of the STEEPED COFFEE trademark. *See* Dkt. No. 1 ("Compl."). Before the Court is Defendant's motion to dismiss for failure to state a claim, for which briefing is complete. *See* Dkt. No. 18 ("Mot."), 26 ("Opp."), and 30 ("Reply"). The Court **DENIES** Defendant's motion.

**I.  BACKGROUND**

Plaintiff is a Delaware Corporation headquartered in Scotts Valley, California, which began with a crowdfunded Kickstarter campaign in 2015. Compl. ¶ 7. Steeped Coffee "developed a unique and innovative single-serve coffee product that is small, light, pre-ground and pre-portioned, yet can be stored for months with minimal loss of freshness." *Id.* ¶ 1. Specifically, its products store "ground coffee in small, specially engineered, biodegradable filter bags, which are in turn kept in zero waste outer pouches flushed with nitrogen gas to eliminate oxygen and thus prevent oxidation." *Id.* ¶ 2. Plaintiff alleges that "NuZee's use of 'Steep Coffee,' 'Steep Bag Coffee,' 'Steep Pouch,' 'Steeped to Perfection,' and similar terms [in connection with its Pine Ranch Coffee Co. brand product] is confusingly similar to Steeped's STEEPED COFFEE mark (and identical to other marks Steeped uses and has filed for registrations on) in sound, appearance, and commercial impression." *Id.* ¶ 19. Plaintiff's STEEPED COFFEE trademark is registered on

1  the Supplemental Register, the secondary register maintained by the United States Patent and Trademark Office ("PTO"). *Id.* ¶ 2, Ex. A.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. ANALYSIS

Defendant moves to dismiss on two grounds: first, Plaintiff failed to sufficiently allege Defendant's "use" of the infringing mark "in commerce" as required under the Lanham Act, and second, Plaintiff failed to adequately plead a valid trademark. *See generally* Mot.

2

### A. Use in Commerce

As an initial matter, Defendant characterizes its argument that Plaintiff fails to sufficiently allege Defendant used an infringing mark in commerce as a jurisdictional challenge under Federal Rules of Civil Procedure 12(b)(1). This is incorrect. Whether Plaintiff has met its burden to plead the elements of 15 U.S.C. § 1114 does not affect whether the Court has the power to resolve this case. Instead, the Court has subject matter jurisdiction over this case via federal question jurisdiction because Plaintiff alleges a Lanham Act violation. *See* 28 U.S.C. § 1331. Plaintiff also has standing under Article III of the Constitution because it alleges damage to its brand traceable to NuZee's use of the STEEPED COFFEE mark, which is redressable through an injunction by this Court. Compl. ¶ 4, Prayer for Relief; s*ee also, Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) ("Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.").[1] Accordingly, the Court construes Defendant's claim that Plaintiff failed to sufficiently allege an element of the statute as seeking dismissal under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (analyzing whether plaintiff sufficiently "recit[ed] the elements of a cause of action" as a Rule 12(b)(6) motion.).

The Lanham Act "grants trademark protection . . . to marks that are used to identify and to distinguish goods or services in commerce—which typically occurs when a mark is used in conjunction with the actual sale of goods or services." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999). It provides a remedy against:

> (1) Any person who shall, without the consent of the registrant--
> (a) *use in commerce* any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive

---

[1] To the extent that Defendant is arguing the case is moot since it has removed the infringing mark from its products, the Court must construe facts in Plaintiff's favor when assessing a Rule 12(b)(6) motion. Plaintiff specifically alleges that NuZee "continue[d] using 'steep' and similar terms in marketing for its copycat products" and "prepare[d] additional marketing materials for its 'Steep Coffee' product." Compl. ¶ 17, 18. Additionally, Plaintiff seeks actual damages and treble damages for "damages to Steeped's reputation and goodwill among its customers and partners." *Id.* Prayer for Relief C. Because the relief sought covers any period before Defendant removed the infringing marks, the Court cannot say the claim is moot.

15 U.S.C. § 1114 (emphasis added). The Act further defines "use in commerce" as:

> [T]he bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
> (1) on goods when—
> (A) it is placed in any manner on the goods or their containers *or the displays associated therewith* or on the tags or labels affixed thereto . . . and
> (B) the goods are sold or transported in commerce. . . .

15 U.S.C. § 1127 (emphasis added).

In its Complaint, Plaintiff primarily relies on NuZee's use of the allegedly infringing marks on products displayed at a trade show to establish use in commerce. *See* Compl. ¶¶ 4, 18. Plaintiff also alleges "that NuZee had began [sic] marketing and pre-selling coffee products and services . . ., using the name 'Steep Coffee' and claiming to use the 'Steep Coffee' method and verbally referring to their product [as] 'Steeped Bag Coffees.'" *Id.* ¶ 4, Ex. B, C.

Defendant argues that Plaintiff's allegations are insufficient because NuZee has yet to sell any of its Pine Ranch Coffee Co. products (which will not go to market until "later this year"), and exhibiting products at the trade show does not sufficiently allege "use." Mot. at 6. A similar argument was rejected by another district court just last year. *See Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1285–86 (S.D. Cal. 2018). As the *Marketquest* court noted, "[a] point-of-sale display associated with the goods is 'more than mere advertising' if it is 'calculated to consummate a sale.'" 316 F. Supp. 3d at 1286 (quoting *In re Quantum Foods, Inc.*, 94 U.S.P.Q. 2d (BNA) at 1379). While Plaintiff does not specifically allege that NuZee was soliciting or accepting sales at the trade show itself, it does allege that NuZee had "beg[u]n secretly soliciting Steeped's customers, both before and after the show," Compl. ¶ 15, and "had beg[u]n marketing and pre-selling coffee products and services," *Id.* ¶ 4. The Court finds these allegations sufficient at this stage to show that Defendant used the allegedly infringing marks in commerce.

### B. Secondary Meaning

"'To claim trademark infringement, a plaintiff must have a 'valid, protectable trademark.'" *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (quoting *Brookfield*, 174 F.3d at 1046). Unlike registration on the Principal Register, registration on the Supplemental Register is not "prima facie evidence of the validity of the registered mark . . . , of

4

the registrant's ownership of the mark, [or] of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1057(b); *see Plus Mgmt., Inc. v. Cantrell*, No. CV 09-2511-GHK (PLAx), 2009 WL 10675362, at *2 (C.D. Cal. Oct. 8, 2009). Instead, to show the mark is protectable, Plaintiff must demonstrate that the mark is non-functional and has acquired secondary meaning by "showing that there is a mental recognition in buyers' and potential buyers' minds that products connected with the mark are associated with the same source." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873 (9th Cir. 2002) (quoting *Self–Realization Fellowship Church v. Ananda Church of Self–Realization*, 59 F.3d 902, 911 (9th Cir. 1995)).

Defendant argues that Plaintiff failed to allege that the STEEPED COFFEE trademark has acquired a secondary meaning such that it is a "valid, protectable trademark." Mot. at 8. The Court disagrees. Although the facts pled are far from overwhelming, Plaintiff has done enough to allege secondary meaning. Plaintiff has alleged that its trademark has "acquired extensive goodwill, is well recognized in the coffee industry as identifying high quality, convenience and sustainable single serve coffee products, which have their origin with or have been authorized by Steeped." Compl. ¶ 11. Plaintiff alleges that in response to NuZee's solicitations, "[s]everal Steeped customers reported receiving phone calls or other contacts from NuZee representatives, who they initially believed were Steeped sales representatives because they claimed to be offered 'Steep Coffee' or the 'Steeped Bag Coffees.'" *Id.* If proven, these allegations could demonstrate secondary meaning. *See Humboldt Wholesale, Inc. v. Humboldt Nation Distribution, LLC*, No. C-11-4144 EMC, 2011 WL 6119149, at *4 (N.D. Cal. Dec. 8, 2011); *Spirit Clothing Co. v. N.S. Enterprises, Inc.*, No. CV132203RGKPJWX, 2013 WL 12144107, at *3 (C.D. Cal. July 23, 2013).

//
//
//
//
//
//

5

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's complaint sufficiently pleads a claim under 15 U.S.C. § 1141, and **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: 11/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge