UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEEPED, INC.,<br>         Plaintiff,<br>v.<br>NUZEE, INC.,<br>         Defendant. | Case No. 19-cv-03763-HSG<br><br>**ORDER DENYING MOTION FOR SUMMARY ADJUDICATION**<br><br>Re: Dkt. No. 50 |

Pending before the Court is Defendant Nuzee, Inc.'s ("Nuzee" or "Defendant") motion for summary adjudication in the action brought by Plaintiff Steeped, Inc. ("Steeped Coffee" or "Plaintiff"). Briefing on the motion is complete. Dkt. Nos. 50 ("Mot."), 53 ("Opp."), and 54 ("Reply"). The Court held a hearing on the motion on October 22, 2020. For the reasons below, the Court **DENIES** Defendant's motion for summary adjudication.

**I.   BACKGROUND**

In June 2019, Plaintiff filed trademark infringement claims against Defendant for its use of the STEEPED COFFEE trademark. *See* Dkt. No. 1 ("Compl."). Plaintiff alleges that "NuZee's use of 'Steep Coffee,' 'Steep Bag Coffee,' 'Steep Pouch,' 'Steeped to Perfection,' and similar terms [in connection with its Pine Ranch Coffee Co. brand product] is confusingly similar to Steeped's STEEPED COFFEE mark (and identical to other marks Steeped uses and has filed for registrations on) in sound, appearance, and commercial impression." *Id.* ¶ 19.

In July 2019, Defendant moved to dismiss Plaintiff's trademark infringement claim, arguing that Plaintiff failed to adequately plead a valid trademark and also failed to sufficiently allege Defendant's "use" of the infringing mark "in commerce" as required under the Lanham Act. *See* Dkt. 40 at 2. The Court denied Defendant's motion to dismiss. *Id.*

In August 2020, Defendant moved for summary adjudication as to nine allegedly uncontroverted facts pursuant to Federal Rule of Civil Procedure 56(g). *See generally* Mot; Reply. Plaintiff's opposition did not directly address each of these nine statements, but instead generally opposed entry of summary judgment on its trademark claim. *See generally* Opp. At the October hearing on Defendant's motion, the Court noted that some of the alleged statements were seemingly intertwined with characterizations that are disputed issues for trial. The Court further noted that it was unclear whether Plaintiff disputed the other allegedly undisputed facts. The Court therefore directed the parties to meet and confer to identify any undisputed facts. The parties subsequently filed a joint statement of uncontested facts.[1] Dkt. No. 58.

## II. LEGAL STANDARD

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997)*; *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). If a court finds that there is no genuine dispute of material fact as to only a single claim or defense or as to part of a claim or defense, it may enter partial summary judgment. Fed. R. Civ. P. 56(a); *see also Chavez v. Cty. of Kern*, No. 1:12-CV-01004 JLT, 2014 WL 412562, at *2 (E.D. Cal. Feb. 3, 2014)

---

[1] The parties agreed that the following facts are uncontested: (1) "Prior to May 15, 2019, Defendant displayed artwork at a trade show illustrating the packaging for a future coffee product to be identified by the PINE RANCH COFFEE CO. trademark that included the statements '3 Single Steeped Pouches,' and 'Single Cup Coffee Steeped to Perfection' on the front panel of the packaging and an instruction to use the product on the side panel stating 'Let bag steep in water for approximately 60 seconds'" and (2) "Samples of the PINE RANCH COFFEE CO. coffee product were first distributed in commerce to potential customers in early October, 2019." *See* Dkt. No. 58.

2

(noting that "a court may grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim"). "If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

## III.   DISCUSSION

With respect to the remaining seven statements, Defendant seeks an order establishing that these material "facts" are uncontroverted. *See generally* Mot; *see also* Reply at 4, 6. But Defendant's request is procedurally improper because it did not move for summary judgment on a claim or defense, or part of a claim or defense. As noted, Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Crucially, this provision "becomes relevant *only after* the court has applied the summary-judgment standard . . . to each claim, defense, or part of a claim or defense, identified by the motion." Advisory Comm. Notes (addressing Fed. R. Civ. P. 56(g)) (emphasis added). "Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute." *Id.* Additionally, the Court has broad discretion to refrain from granting the requested relief under Rule 56(g), as is apparent from both the permissive language in Rule 56(g) and the advisory committee notes stating that "[e]ven if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established." *Id.*

In its discretion, the Court declines Defendant's request to enter an order stating that the remaining seven facts have been established. Notably, even if the Court entertained Defendant's irregular request, there is at least one disputed factual issue embedded in each statement, or the statement is a legal characterization masquerading as a fact.

First, Defendant argues that it is undisputed that "The terms 'steep,' 'steeped' or 'steeping' are 'common, descriptive words related to a process or method of brewing coffee.'" Mot. at 5. This statement is not appropriate for adjudication under Rule 56(g). Defendant inappropriately

3

seeks to bolster its legal argument that Plaintiff's mark is descriptive, rather than suggestive. *See* Mot. at 10-11; *see also Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) ("Marks are generally classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful.").

Second, Defendant seeks to establish that "Defendant used the words 'steep' and 'steeped' on the initial artwork for a future PINE RANCH COFFEE CO. product on the basis the words described the steeping process which was used to brew Defendant's coffee." Mot. at 5. As is readily apparent from Defendant's related briefing discussing the fair use defense, this statement is not appropriate for adjudication under Rule 56(g). *See* Mot. at 12. Rather than establishing a fact, Defendant seems to be parroting the second element of the fair use defense concerning its initial packaging. *See Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 935 (9th Cir. 2017) (noting that to establish a classic fair use defense, "defendant must show that its use is (1) other than as a trademark, (2) descriptive of the defendant's goods, and (3) in good faith").

Third, Defendant argues that it is undisputed that "No act of the Defendant relating to the design, display, distribution or sale of the PINE RANCH COFFEE CO. product constitutes willful, trademark infringement." Mot. at 6. This statement is similarly inappropriate for adjudication under Rule 56(g) because it entails a legal conclusion.

Fourth, Defendant seeks to establish that "Prior to May 15, 2019, Defendant did at no time manufacture, offer for sale or sell a coffee product in commerce that was identified by a trademark that consisted of or included the terms 'steep,' 'steeped' and/or 'steeping.'" Mot. at 5. But Plaintiff alleges that Defendant "secretly solicit[ed] Steeped's customers, both before and after the Specialty Coffee Expo [in April 2019], claiming they could offer their 'Steep Coffee' or 'Steeped Coffee' products at" a lower price. Compl. ¶ 15. The evidence in the record of such alleged customer contact creates a triable issue of fact. For example, Plaintiff provides a transcript of a voicemail from "Keith Wright over at NuZee" purportedly received on May 9, 2019, stating "[W]e spoke about our pour over coffees, ah Steeped Bag Coffees, and I just want to check in, make sure you received the samples I sent out . . ." *See* Dkt. No. 53-10, Ex. 6 at 4. Plaintiff also provides copies of documents obtained through discovery, including an April 2019 email from a NuZee

sales manager that discusses the "new Pine Ranch Steep Coffee program [NuZee] is launching in the market place" and notes that the manager will have "samples at the conference." *See* Dkt. No. 53-3 ("Kwasniewski Decl."), Ex. 2 at 2.

Fifth, Defendant argues that it is uncontroverted that "Subsequent to July, 2019, all packaging of the PINE RANCH COFFEE CO. product that was commercially distributed or sold included only the display of the instruction of use: 'Let bag steep in water for approximately 60 seconds.'" Mot. at 6. There is a triable issue of fact because Joshua Wilbur, Steeped Coffee's founder, declared that he saw that the Defendant "display[ed] product packaging which used the word 'Steeped" or "Steep" in various ways, such as the phrases '60 Single Steep Pouches' and 'Steeped to Perfection'" at Coffee Fest on August 26, 2019. Dkt. No. 53-4 ("Wilbur Decl.") at ¶ 14.

Lastly, Defendant seeks a determination as to two facts concerning the dates of its commercial sales and profit: (1) "The PINE RANCH COFFEE CO. coffee product was first commercially sold in commerce in April, 2020" and (2) "Defendant earned no profit from the sale of the PINE RANCH COFFEE CO. coffee product prior to April, 2020." Mot. at 5–6. At the hearing, Plaintiff contended that it was unclear what Defendant meant by "first commercially sold in commerce," and Plaintiff pointed to evidence in the record suggesting offers for sale initiated at trade shows to dispute both statements. Beyond the issues with any ambiguity in the phrasing of these statements, Plaintiff's evidence concerning solicitation of customers tends to show that these facts likely are in dispute. Regardless, the Court exercises its discretion to "refrain from ordering the fact[s] be treated as established," finding that these facts "may be better illuminated by the trial of related facts that must be tried in any event." *See* Advisory Comm. Notes (addressing Fed. R. Civ. P. 56(g))

**IT IS SO ORDERED.**

Dated: 11/24/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge